**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SY BEST,

               **Plaintiff,**

- against -

THE CITY OF NEW YORK, et al.,

               **Defendants.**

**OPINION AND ORDER**

**04 Civ. 10114 (BSJ) (RLE)**

**To the HONORABLE BARBARA S. JONES, U.S.D.J.:**

## I. INTRODUCTION

This is an action under 42 U.S.C. § 1983. Plaintiff Sy Best alleges that he sustained personal injuries on June 29, 2003, while incarcerated at Riker's Island Correctional Facility. The complaint was filed on December 22, 2004, and the matter was referred to the undersigned for general pretrial matters on January 7, 2005. On September 6, 2005, Best's attorney, Steven R. Krawitz, filed a motion to withdraw as counsel, and to be removed as attorney of record from the docket. Defendants take no position on Krawitz's motion. Krawitz's motion is **GRANTED**.

## II. DISCUSSION

By letter dated May 9, 2005, defendants informed the Court that a settlement had been reached by the parties, which disposed of the action in its entirety. However, on June 29, 2005, Best informed the Court that he did not want to settle for the amount allegedly agreed upon. Best also stated that his lawyer did not want to represent him any more. On September 6, 2005, Krawitz moved to be relieved as counsel. He asserts that Best "refused the offer and notified the court directly in writing that he did not wish to accept the settlement and would agree to discharge the law firm as his counsel." Krawitz's Affidavit in Support of Motion to Withdraw

("Krawitz's Aff.") at 2. Krawitz maintains that "the law firm has taken all pertinent and reasonable steps to negotiate . . . this matter based upon the perceived liability and damages sustained by [Best]." **Id**. According to Krawitz, Best's settlement expectations are unrealistic to resolve this case. He alleges that based on irreconcilable differences he can no longer represent Best.

Pursuant to Local Civil Rule 1.4, an attorney "may not withdraw from a case without leave of the court granted by order." Such an order may be granted "only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." **Id**. Krawitz's motion to withdraw is also governed by New York law. *See* **Cook v. Moran Atlantic Towing Corp.**, 79 F.R.D. 392, 394 (S.D.N.Y. 1978). Krawitz seeks to withdraw because Best refused to accept a settlement offer. Krawitz's Aff. at 2. Under New York law, a client's refusal to accept a settlement offer is not good and sufficient cause for withdrawal. *See* **Suffolk Roadways, Inc. v. Minuse**, 287 N.Y.S.2d 965 (1968). The client controls the decision as to whether a settlement offer is to be accepted. *See* **Id**. at 969. The attorney is bound by the client's decision even if it is not in accordance with his advice. **Id**. Krawitz does not allege that effective representation is not reasonably possible or unreasonably difficult. *See* **Cosgrove v. Federal Home Loan Bank**, 1995 WL 600565 (S.D.N.Y. Oct. 12, 1995).

Notwithstanding the lack of good and sufficient cause to withdraw, the Court may grant Krawitz's motion for withdrawal. *See* **Marrero v. Christiano**, 575 F. Supp. 837 ( S.D.N.Y 1983). Krawitz indicated he is not interested in litigating this case. In light of Krawitz's position, the Court finds that his continued representation is not in plaintiff's best interest.

Best informed the Court that he is currently seeking to retain a new lawyer who wishes to represent him in his best interest.

### III. CONCLUSION

Krawitz's motion to be relieved as counsel is **GRANTED.**

**DATED: November 14, 2005**
**New York, New York**

**Respectfully Submitted,**

The Honorable Ronald L. Ellis
United States Magistrate Judge

3