**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SY BEST, | : |
| **Plaintiff,** | : |
| | :      **OPINION AND ORDER** |
| - against - | : |
| | :      **04 Civ. 10114 (BSJ) (RLE)** |
| THE CITY OF NEW YORK, et al., | : |
| **Defendants.** | : |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiff, Sy Best, commenced this action against the City of New York (the "City") and other defendants on December 22, 2004. Pending before the Court is Best's application for appointment of counsel. For the reasons which follow, Best's request for counsel is **DENIED**.

## II. BACKGROUND

On September 6, 2005, Best's attorney filed a motion to withdraw as counsel. The Court granted this motion on November 14, 2005. On February 21, 2006, Best asked the Court to appoint an attorney to represent him in a deposition scheduled for March 6, 2006. By letter dated February 28, 2006, the Court directed Best to file a formal application for appointment of counsel. On March 7, 2006, counsel for the City apprised the Court that Best did not want to proceed with his deposition because he would like to be represented by counsel. By Order dated March 17, 2006, the Court directed the parties to proceed with Best's deposition, and found that Best's interest in filing an application for appointment of counsel does not constitute good cause for delaying or pausing this litigation, particularly because he has been in the process of procuring a new attorney since June 2005. Best filed an application for appointment of counsel

on April 7, 2006.

### III. DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In determining whether to appoint counsel for an indigent civil litigant, the Court considers numerous factors, and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 172 (2d Cir. 1989) (citations omitted). The Court's first inquiry is whether plaintiff can afford to obtain counsel. *See* **Terminate Control Corp. v. Horowitz**, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." **Hodge v. Police Officers**, 802 F.2d 58, 61 (2d Cir. 1986). Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination. **Id**. at 61-62.

In his application for appointment of counsel, Best contends that he satisfies the threshold requirement of indigence because he is incarcerated and is unable to afford counsel. Best argues that he lacks the ability to litigate this case because he is 1) unfamiliar with the law, and 2) suffering from post-traumatic stress disorder. Best's complaint, however, does not present novel

2

or complex legal issues, and he has failed to provide any evidence in support of his alleged post-traumatic stress condition. Even if Best were to submit documentation in support of his health condition, the record indicates that, despite this alleged handicap, Best has demonstrated the ability to effectively and regularly communicate with the Court, setting forth relevant facts and arguments. Moreover, the *Pro Se* Office may provide Best with assistance in litigating this case. After careful review of Best's application, the Court finds that appointment of counsel is not warranted. Accordingly, Best's application for counsel is **DENIED**.

## III. CONCLUSION

Best's request for appointment of counsel is **DENIED**. Best is directed to the *Pro Se* Office for assistance in litigating his case.

**SO ORDERED this 19th day of April 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

3